NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CRISTINA MARTINEZ, *Petitioner/Appellee*,

*v.*

JUAN CARLOS AGUIRRE, *Respondent/Appellant*.

No. 1 CA-CV 20-0646 FC
FILED 9-9-2021

Appeal from the Superior Court in Maricopa County
No. FC2018-007065
The Honorable Michael C. Blair, Judge

**AFFIRMED**

COUNSEL

Chaidez Law Firm, PLLC, Phoenix
By Jose L. Chaidez
*Counsel for Respondent/Appellant*

Otilia M. Diaz, Phoenix
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1        Juan Carlos Aguirre challenges a decree of dissolution awarding spousal maintenance and attorneys' fees to Cristina Martinez. For the reasons below, the decree is affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2        The couple married in 1997. Martinez petitioned for dissolution in September 2018, requesting spousal maintenance, which Aguirre opposed. Trial occurred on parts of two days in August 2019 and then October 2020. At the time of trial, Martinez was in her early forties and Aguirre in his late forties. Aguirre had supported Martinez and the parties' three children (who were adults by the time of trial) throughout the marriage by working in construction as a sole proprietor. He alone had managed the family's finances.

¶3        Just a few days after Martinez filed the dissolution petition, Aguirre restructured his construction operations into a limited liability company. The appraised value of the company was $203,000 as of December 2018. Aguirre reported about $31,500 in profits for 2018, with most of the approximately $400,000 in gross income coming from his nephew's construction company. In early 2019, Aguirre stopped working for himself and began working for his nephew's company earning $20 per hour. Aguirre testified that he could earn more money, while working less, working for his nephew, and could avoid tasks that aggravated his bad back. Aguirre received medical care for back pain in 2019 and 2020, but never applied for disability. Martinez acknowledged that Aguirre had experienced back pain during the marriage, but she asserted that the pain did not prevent him from engaging in the physical labor his work required.

¶4        Martinez stopped working early in the marriage to raise their children. She sought employment after filing for dissolution but found it difficult to hold a job given her lack of experience. She had not obtained a

high school diploma or equivalent, had not engaged in vocational training and only had basic English proficiency. She ultimately found a full-time job at a bakery earning $12.50 per hour.

¶5        Martinez began making $800 monthly payments for one of the marital vehicles sometime in 2018. She was unsure she could continue to make those payments because she had to start paying $300 per month in rent after moving out of the unencumbered marital home in March 2019. Aguirre remained in the marital home and continued to make $900 monthly payments on another marital vehicle. He testified that he also helped a daughter pay for college and was behind on child support for an extramarital child.

¶6        In the decree, the court awarded Aguirre the construction business and Martinez the home, and divided the parties' bank account, multiple vehicles and personal property. The decree also ordered Aguirre to pay Martinez $2,500 per month in spousal maintenance for 120 months, and granted Martinez' request for attorneys' fees. This court has jurisdiction over Aguirre's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A) and -2101(A)(1) (2021).[1]

## DISCUSSION

### I.        Aguirre Has Shown No Abuse Of Discretion In The Spousal Maintenance Award.

¶7        Aguirre challenges the spousal maintenance award, which is reviewed for an abuse of discretion, viewing the evidence in the light most favorable to upholding the award. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348 ¶ 14 (App. 1998). The award will be affirmed if supported by any reasonable evidence, with this court deferring to the superior court's credibility determinations. *Id.* at 347 ¶¶ 13–14; Ariz. R. Fam. L.P. 82(a)(5).

¶8        Spousal maintenance is governed by A.R.S. § 25-319, which sets forth a two-step framework under which the superior court exercises its substantial discretion. *Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993). First, under § 25-319(A), the court may find a litigant eligible for spousal maintenance for any one of five reasons. Second, if deemed eligible, the court must determine the amount and duration of spousal maintenance

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

after considering all relevant factors applicable under the facts of the case, including 13 factors specified in § 25-319(B). *Rainwater*, 177 Ariz. at 502.

¶9        Here, the court found that Martinez was eligible for spousal maintenance under § 25-319(A) "because she lacks sufficient property to provide for her reasonable needs, she cannot be self-sufficient at this time, the parties were married for 21 years, and she stayed home to raise the children which allowed Husband to work and increase his earning abilities." Reasonable evidence supports this determination under several of the alternative statutory grounds. Martinez had limited assets, such that even considering the property apportioned to her, she "[l]acked sufficient property . . . to provide for [her] reasonable needs." A.R.S. § 25-319(A)(1). In addition, although able to work, Martinez' low earning potential meant she was "unable to be self-sufficient through appropriate employment." A.R.S. § 25-319(A)(2). And her limited earning potential was at least partially attributable to her contributions to the family during the lengthy marriage, which permitted Aguirre to pursue his own career and increase his earning ability while she took care of the family. *See* A.R.S. § 25-319(A)(3), (5).

¶10        In determining the amount and duration of the award, the court properly considered and applied each factor set forth in Section 25-319(B). Aguirre challenges the evidentiary support for two of the factors: "[t]he ability of the spouse from whom maintenance is sought to meet that spouse's needs while meeting those of the spouse seeking maintenance" and "[t]he comparative financial resources of the spouses, including their comparative earning abilities in the labor market." A.R.S. § 25-319(B)(4), (5).

¶11        Contrary to Aguirre's suggestion, the court did not conflate the company's gross income with its profit. Instead, it discussed gross income in the context of assessing Aguirre's credibility about his earning ability, noting Aguirre "was very guarded about his income." The court also noted Aguirre had reorganized his company just days after Martinez filed the petition, and that his company's gross income in 2018 came mainly from his nephew's company, where he now claimed to work as an employee. The court then concluded that Aguirre "clearly has the ability to earn more money than he testified to at trial. He will be able to meet his own needs while paying [Martinez] something in spousal maintenance . . . [and] has significantly more financial resources and greater earning abilities than" Martinez. This court defers to the superior court's credibility determinations, which were based on reasonable evidence. Aguirre has not shown that the court misapplied the challenged factors. The record also supports the court's application of the remaining,

unchallenged Section 25-319(B) factors. Accordingly, Aguirre has not shown that the superior court abused its discretion in either finding Martinez was eligible for spousal maintenance or setting the amount and duration of the maintenance award.

## II. Aguirre Has Shown No Abuse Of Discretion In The Attorneys' Fee Award.

¶12 Aguirre challenges the award of attorneys' fees to Martinez under A.R.S. § 25-324, an issue also reviewed for an abuse of discretion. *Graville v. Dodge*, 195 Ariz. 119, 131 ¶ 56 (App. 1999). Aguirre's challenge is limited to the order finding fees were justified, and not the order quantifying the fees awarded.

¶13 In a dissolution proceeding, the court may award attorneys' fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). Here, the court found that there was a "substantial disparity of financial resources between the parties," adding Aguirre "earns, or is capable of earning, significantly more than" Martinez. The court also found that Aguirre "acted unreasonably in the litigation" because he "was not forthcoming with his actual income, he appears to have tried to hide his income by claiming to work for his nephew and he failed to timely produce information regarding [his company]." Given that this court defers to the superior court's credibility determinations, Aguirre has shown no error in that court's findings about the parties' relative financial resources and Aguirre's efforts to understate his earning ability. The record also supports the finding that Aguirre failed to timely provide the appraisal of his company. On this record, Aguirre has shown no abuse of discretion in the order finding a fee award under Section 25-324(A) was justified.

## CONCLUSION

**¶14**         The decree of dissolution awarding spousal maintenance and attorneys' fees to Cristina Martinez is affirmed. In the court's discretion, the parties' competing requests for an award of attorneys' fees on appeal under A.R.S. § 25-324 are denied, recognizing Martinez is awarded her taxable costs incurred on appeal contingent upon her compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA